IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ADDARRYL JONES,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:21-CV-00453-TES-CHW |
| | : | |
| **KELSIE WILLIAMSON,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Plaintiff Christopher Addarryl Jones, an inmate currently confined at the Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) that was transferred to this Court. Plaintiff also filed a motion for leave to proceed *in forma pauperis* in this action (ECF No. 2). On February 9, 2022, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* because Plaintiff averred he had significant assets from which he could pay the applicable filing fee. Plaintiff was therefore ordered to pay the Court's filing fee in full or file a renewed motion for leave to proceed *in forma pauperis* explaining how a change in his circumstances prevented him from paying this fee. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Feb. 9, 2022, ECF No. 10.

Instead of paying the filing fee, Plaintiff chose to submit a renewed motion for leave to proceed *in forma pauperis* (ECF No. 11). But the renewed motion did not explain why

Plaintiff could not pay the $402.00 filing fee; rather, it simply reiterated his contentions that he has assets that would permit him to easily pay this fee. *See, e.g.,* Mot. Proceed IFP 2-3, ECF No. 11 (claiming that he is worth "300 billion dollars," receives a salary of $5000 per month "from the U.S. Army Air Force," and has vehicles "worth estimate of $175,000"). Plaintiff also failed to attach a certified copy of his prison trust fund account information to his motion, as ordered, and instead completed this portion of the Court's form himself. *Id.* at 4. Accordingly, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was given fourteen (14) days to respond, and he was again warned that the failure to fully and timely comply with the Court's orders and instructions would result in the dismissal of this case. *See generally* Order, Mar. 3, 2022, ECF No. 12.

The time for compliance with the March 3, 2022 Order has now passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

**SO ORDERED**, this 4th day of April, 2022.

                                         S/Tilman E. Self, III
                                         TILMAN E. SELF, III, JUDGE
                                         UNITED STATES DISTRICT COURT